# EXHIBIT A

(Defendant's Amended Answer to Plaintiff's Complaint)

Case No. 2:18-cv-12631
Evans v. Canal Street Brewing

# APPENDIX A

## CONFIDENTIALITY AGREEMENT

By signing this Appendix A, you contract with the Canal Street Brewing Co., LLC *dba* Founders Brewing Company ("the Company") on the following matters:

A. <u>Authority to Contract</u>. No manager, employee or representative of the Company, other than Michael Stevens, has any authority to enter into any agreement for employment for any specific or definite period of time or to make any agreement contrary to the terms of the Company Handbook. Any such agreement must be in writing and signed by the President to be effective.

B. <u>Limitation on Claims</u>. By accepting or continuing employment at the Company, you agree that any action or suit against the Company arising out of your employment or termination of employment, including, but not limited to, claims arising under state, federal or local statutes or ordinances, must be brought within the following time periods: (a) for lawsuits requiring a Notice of Right to Sue from the EEOC, within 90 days after the EEOC issues that Notice; or (b) for all other lawsuits, within (i) 180 days of the event(s) giving rise to the claim, or (ii) the time limit specified by statute, whichever is shorter. I waive any statute of limitations that exceeds this time limit.

C. <u>Arbitration Agreement</u>. With the express exception of the Confidentiality of Company Information, Non-Compete and Non-Solicitation Agreement, and Developments sections of this Agreement, you agree to submit to arbitration all claims and disputes arising out of or during your employment with the Company or the termination thereof. Claims to be arbitrated include, but are not limited to, wrongful discharge, discrimination, civil rights violations, harassment, and retaliation and claims under the following statutes including, but not limited to, Title VII of the Civil Rights Act, the Equal Pay Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Elliott-Larson Civil Right Act, and the Michigan Persons with Disabilities Civil Rights Act.

Arbitration shall be conducted in accordance with the rules and procedures set forth in the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. You also agree that all claims must be filed with AAA within the time limits outlined in Paragraph B of this Agreement.

You agree to this Arbitration provision as a condition of your employment. You understand that you are waiving your right to pursue any actions set forth in this Agreement in a judicial or administrative forum and that your sole remedy will be arbitration.

D. <u>Confidentiality of Company Information</u>. All records, papers, personnel or employee information, documents and software to which you may have access in the course of your employment, are considered confidential by the Company and must be treated as strictly confidential by you both during and after your employment ends. Employees will not be permitted, either directly or indirectly, under any circumstances or at any time, to disclose to any person, company, association or other entity any confidential information acquired in the course of employment with the Company. Any and all information relating to client communications, advice to clients, recipes, distribution plans, documents provided from or to clients, ideas, concepts, discoveries, drawings, designs, improvements, devices, processes, formulas, products, computer programs, customer/client lists, prospect lists, marketing and sales strategies, pricing lists and/or any other information gained by you during the term of employment or received from third parties by the Company are included within the scope of this restriction. Any information covered by this confidentiality provision which is in your possession at the termination of your employment must be promptly returned to the Company and then removed from any electronic data storage device owned by you that is in your personal possession.

E. <u>Remedies</u>. You acknowledge that the Company has a legitimate competitive business interest in prohibiting the activities listed in the Confidentiality Agreement in Paragraphs D, F and G, that the restrictions in this section are reasonable, that any breach of the terms of that section would cause irreparable harm to the Company and that money damages would not be sufficient to provide an adequate remedy for such a breach. Therefore, in the event of a breach or threatened breach, the Company shall be entitled to temporary, preliminary and permanent injunctive relief without any requirement of bond, in addition to any other legal or equitable remedies to which the Company may be entitled, including the recovery of actual costs and attorneys' fees incurred in bringing that action.

F. <u>Non-Compete and Non-Solicitation Agreement</u>. Certain employees will be subject to a Non-Compete and Non-Solicitation Agreement (Appendix B). If you have signed that document you are bound by its provisions. Nothing contained in this Appendix A or the policies and procedures contained in the Company Handbook nullifies, modifies or voids any provisions contained in that Non-Compete and Non-Solicitation Agreement.

G. <u>Developments</u>. You agree that during and subsequent to the period of your employment with the Company, you will inform the Company promptly and fully of all inventions, discoveries, or improvements ("Developments") conceived or reduced to practice by you during the period of this employment, whether alone or jointly with others to the extent that such Developments were created, invented, designed, developed, contributed to, or improved upon with the use of any Company resources and/or within the scope of your employment and/or relate to the business, operations, or actual or anticipated research or development of the Company and it's products or services. Except as provided below, you will and hereby do assign to the Company and/or its nominees all rights, title, and interest in such Developments and in any patents, patent applications, or copyrights based thereon. You will cooperate with the Company at all times and in any way to obtain and maintain for its benefit patents for all such Developments anywhere in the world. Notwithstanding the foregoing, you are not obligated to assign to the Company any Developments which, in the sole judgment of the Company, do not relate to the business efforts or research and development efforts in which, during the period of employment, the Company is actually engaged or reasonably would be expected to become engaged.

H.     <u>Return of Company Property and Reimbursement</u>. Upon termination of employment, you are responsible for returning any Company property in your possession to the Company. You are also responsible for satisfying any expenses and any other amounts owed to the Company you may have incurred before leaving. If not paid, by signing this Appendix A Agreement, you specifically agree to permit the Company to deduct the amount owed by you to the Company from any vacation pay, wages, and/or any other benefit payments that may be owed to you at the time your employment ends.

I.     <u>Scope of the Agreement</u>. For purposes of this Agreement, "Company" includes Canal Street Brewing Co., LLC *dba* Founders Brewing Company and its parent, subsidiary and/or affiliated corporations, and any joint ventures, partnerships or other business entities in which the Company participates or owns an interest, as well as their successors and assigns.

J.     <u>Jurisdiction</u>. This Agreement shall be governed in all respects by Michigan law. The parties agree that any dispute arising under Paragraphs D, F or G of this Agreement shall be filed, heard and decided in Kent County Circuit Court. The parties agree that they will be subject to the personal jurisdiction and venue of this Court, regardless of where the you or the Company may be located at the time any action is commenced.

K.     <u>Modification and Entire Agreement</u>. In the event any portion of this Agreement is deemed invalid or unenforceable, the other provisions of this Agreement shall remain valid. Any invalid or unenforceable provision may be modified by a court of competent jurisdiction to render such provision valid and enforceable. This Agreement states the entire agreement between the parties relating to this subject matter. Any modification of this Agreement must be made in writing and signed by the you and Mike Stevens.

Date:_____

*(Signature of Employee)*

TRACY R. EVANS
*(Printed Name of Employee)*

Date: 10/29th/2013

Canal Street Brewing Co., LLC *dba*
Founders Brewing Company

By_____
Mike Stevens
President – Founders Brewing Company

392390.1

Page 3 of 3