UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACY EVANS,**

Case No. 2:18-cv-12631

Plaintiff,

v.                                                              Hon. Paul D. Borman

**CANAL STREET BREWING CO., L.L.C.**
d/b/a **FOUNDERS BREWING COMPANY,**

Defendant.

_____/

| | |
|---|---|
| Jack W. Schulz (P78078) | Patrick M. Edsenga (P74593) |
| SCHULZ GOTHAM PLC | MILLER JOHNSON |
| PO Box 44855 | Attorneys for Defendant |
| Detroit, MI 48244 | 45 Ottawa Avenue, S.W., Suite 1100 |
| (313) 246-3590 | P.O. Box 306 |
| jackwschulz@gmail.com | Grand Rapids, MI 49501-0306 |
| Attorney for Plaintiff | (616)831-1700 |
| | edsengap@millerjohnson.com |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P 56, Defendant Canal Street Brewing Co., LLC moves for summary judgment. In support of its Motion, Defendant states as follows:

1. Plaintiff filed his Complaint and Jury Demand on August 22, 2018. (ECF No. 1, PageID.1-15.) On October 12, 2018, Plaintiff filed his Amended Complaint. (ECF No. 10, PageID.73-90.) Defendant filed its Answer to Plaintiff's Amended Complaint on October 22, 2018. (ECF No. 13, PageID.93-120.)

2. Plaintiff's Amended Complaint includes a claim for race discrimination under 42 U.S.C. § 1981 ("Section 1981"), Michigan's Elliott-Larsen Civil Rights Act, MCL § 37.2101 ("ELCRA"), and Title VII of the Civil Rights Act, 42 U.S.C. §2000e ("Title VII"); failure

to promote under Section 1981 and ELCRA; and retaliation under Section 1981, ELCRA, and Title VII.

3. As a condition of his employment with Defendant, Plaintiff entered into a contract which required him to bring the claims in this lawsuit within 180 days of the events giving rise to the claim or for those claims requiring a Right to Sue Notice from the EEOC, within 90 days of receiving a Right to Sue Notice. (Answer to Amended Complaint, ECF No. 13-1, PageID.118.)

4. With the exception of the claims related to the termination of his employment, all of Plaintiff's claims arose before 2018. As such, these claims are untimely under the contractual period of limitations agreed to by Plaintiff.

5. Defendant's counsel sought, but did not receive Plaintiff's concurrence with respect to this Motion.

THEREFORE, for these reasons and for the reasons set forth more fully in Defendant's Brief in Support of this Motion, Defendant Canal Street Brewing Co., LLC respectfully requests that the Court grant its Motion for Partial Summary Judgment and dismiss the claims in Plaintiff's Amended Complaint that are based on events occurring prior to February 22, 2018 or are not included in Plaintiff's Charge of Discrimination filed with the EEOC.

Respectfully submitted,

MILLER JOHNSON
Attorneys for Defendant

Dated: November 30, 2018

By: /s/ Patrick M. Edsenga
Patrick Edsenga (P74593)
45 Ottawa Avenue, S.W., Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1713

## CERTIFICATE OF SERVICE

  I certify that on November 30, 2018, *Defendant's Motion for Partial Summary Judgment* was filed with the Clerk of the Court using the Case Management and Electronic Case Files system (CM/ECF).

                        /s/ Patrick M. Edsenga

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACY EVANS,**

          Plaintiff,

v.

**CANAL STREET BREWING CO., L.L.C.**
d/b/a **FOUNDERS BREWING COMPANY,**

          Defendant.

_____/

Case No. 2:18-cv-12631

Hon. Paul D. Borman

Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
Attorney for Plaintiff

Patrick M. Edsenga (P74593)
MILLER JOHNSON
Attorneys for Defendant
45 Ottawa Avenue, S.W., Suite 1100
P.O. Box 306
Grand Rapids. MI 49501-0306 (616)831-1700
edsengap@millerjohnson.com

**DEFENDANT'S BRIEF IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**


Table of Contents

Page

I. INTRODUCTION ...........................................................................................................1

II. FACTS ...........................................................................................................................2

    A. Plaintiff Agrees to a Contractually-Shortened Limitations Period. ...................2

    B. Founders Promotes Plaintiff to Assistant Shift Lead Position and Then Selects Other Employees for Promotion to the Production Lead Position. ..........................................................................................................3

    C. Shortly After Not Promoting Plaintiff to Production Lead, Founders Promotes Plaintiff to a Managerial Position in Its Detroit Taproom. ..........................................................................................................3

    D. Plaintiff Files a Charge with the EEOC. ............................................................4

III. LAW AND ARGUMENT ..............................................................................................4

    A. Legal Standard for a Motion for Summary Judgment .......................................4

    B. The 180-Day Contractual Period of Limitations in the Agreement is Enforceable. ........................................................................................................5

    C. Plaintiff's 180-Day Contractual Period of Limitations Bars All of Plaintiff's Claims Except for Those Related to the Termination of His Employment. ..............................................................................................6

    D. Plaintiff's Anticipated Continuing Violations Doctrine Argument is Meritless. ........................................................................................................8

IV. CONCLUSION ............................................................................................................10

i

Table of Authorities

Page

## Cases

*Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 301 N.W.2d 275, 276 (Mich. 1981) .................................................................................................. 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ......................................................... 5

*Garg v. Macomb County Comm. Mental Health Servs.*, 472 Mich. 263, 290 (2005) ................................................................................................................... 9

*Gee v. Liebert Corp.*, 58 Fed. Appx. 149, 153 (6th Cir. 2003) ................................ 9

*Jones v. AIRCO Carbide Chem. Co.*, 691 F.2d 1200, 1201 (6th Cir. 1982) .......... 8

*Moldowan v. City of Warren*, 578 F.3d 351 (6th Cir. 2009) .................................. 5

*Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 260 (6th Cir. 1988) .... 5, 6

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ......................... 9

*Order of United Commercial Travelers Am. v. Wolfe*, 331 U.S. 586, 608 (1947) ........ 5

*Rory v. Continental Ins. Co.*, 473 Mich. 457, 470, 703 N.W.2d 23 (2005) ............ 6

*Smithson v. Hamlin Pub, Inc.*, 2016 WL 465564 at *3 (E.D.Mich. 2016) .......... 5, 6

*Thurman v. DaimlerChrysler*, 397 F.3d 352, 357 (6th Cir. 2001) ....................... 5, 6

*Timko v. Oakwood Custom Coating, Inc.*, 625 N.W.2d 101, 104 (Mich. Ct. App. 2001) ................................................................................................................... 6

*Wheaton v. North Oakland Med. Ctrs.*, 2005 WL 8154823 at *2 (E.D. Mich. 2005) ................................................................................................................... 9

## Statutes

42 U.S.C. § 1981 ...................................................................................................... 1

42 U.S.C. §2000e ..................................................................................................... 1

MCL § 37.2101 ........................................................................................................ 1

## Rules

Fed. R. Civ. P. 56(a) ................................................................................................ 5

I.   **INTRODUCTION**

      Defendant Canal Street Brewing Company, LLC d/b/a Founders Brewing Company ("Founders") brings this Motion seeking the dismissal of several untimely claims. Plaintiff Tracy Evans is a former employee of Founders. Plaintiff began employment at Founders on November 4, 2013. Prior to starting his employment, on October 29, 2013, Plaintiff completed Founder's new employee orientation process. As part of orientation, Plaintiff received and signed a contract with Founders as a condition of employment. Under the terms of that agreement, Plaintiff agreed to bring any lawsuit against Founders related to his employment or the termination of his employment within either: (1) 180 days of the events giving rise to the claim, or (2) for lawsuits requiring a Notice of Right to Sue from the EEOC, within 90 days after receiving a Right to Sue Notice from the EEOC.

      Plaintiff worked at Founders for the next four-and-a-half years, including receiving a promotion to the position of Events and Promotions Manager of Founder's new Detroit Taproom in late 2017 over 293 other applicants. On June 5, 2018, Founders terminated Plaintiff's employment because his job performance failed to improve in his role as Events and Promotions Manager, despite multiple attempts by Founders to train and correct Plaintiff's job performance deficiencies.

      Plaintiff filed suit against Founders on August 22, 2018, alleging claims of race discrimination, denial of a promotion based on race, and retaliation for engaging in protected activity under 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2101. On October 12, 2018, Plaintiff filed an Amended Complaint adding claims for race discrimination and retaliation under Title VII, 42 U.S.C. §2000e *et seq.*, related to the termination of his employment after receiving a Right to Sue letter from the EEOC on October 12, 2018. Except for Plaintiff's claims related to the termination of his employment, the claims

1

in Plaintiff's Amended Complaint are untimely because the events giving rise to those claims occurred well over 180 days before Plaintiff filed suit and because they are not in Plaintiff's EEOC Charge. As a result, Founders is entitled to summary judgment on these untimely claims.

## II. FACTS

### A. Plaintiff Agrees to a Contractually-Shortened Limitations Period.

Plaintiff is an African-American who was previously employed by Founders. (Amended Complaint ¶¶ 8-9, ECF No. 10, PageID.76.) Founders initially hired Plaintiff to work as a Packaging Machine Operator at its Grand Rapids, Michigan facility. (Answer to Amended Complaint ¶ 9, ECF No. 13, PageID.96.) Plaintiff began employment at Founders on November 4, 2013. (Id.) Just before starting his employment, Plaintiff completed Founder's orientation process on October 29, 2013. (Id.) During that process, Plaintiff entered into a contract with Founders entitled "Confidentiality Agreement" (the "Agreement"). (Id, Exhibit A, ECF No. 13-1, PageID.118-20.) Under the terms of the Agreement, as a condition of his employment, Plaintiff agreed to the following contractual period of limitations:

> By accepting or continuing employment at the Company, you agree that any action or suit against the Company arising out of your employment or termination of employment, including, but not limited to, claims arising under state, federal or local statutes or ordinances, must be brought within the following time periods: (a) for lawsuits requiring a Notice of Right to Sue from the EEOC, within 90 days after the EEOC issues that Notice; or (b) for all other lawsuits, within (i) 180 days of the event(s) giving rise to the claim, or (ii) the time limit specified by statute, whichever is shorter. I waive any statute of limitations that exceeds this time limit.

(Id, PageID.118.)

B. **Founders Promotes Plaintiff to Assistant Shift Lead Position and Then Selects Other Employees for Promotion to the Production Lead Position.**

On November 30, 2014, Founders promoted Plaintiff to second-shift Assistant Shift Lead. (Id, ¶ 11, PageID.97.) In October 2016, Plaintiff applied for a promotion to the position of Production Lead, which is an hourly, non-managerial position. (Id, ¶ 15, PageID.98.) At the time, Founders had an opening for one Production Lead, but another Production Lead position opened up a short time later. (Id.) Plaintiff was one of three Assistant Shift Leads who applied for the position. (Id.) Founders selected the other two Assistant Shift Leads to fill the Production Lead openings. (Id.) Plaintiff remained in his position as Assistant Shift Lead.

C. **Shortly After Not Promoting Plaintiff to Production Lead, Founders Promotes Plaintiff to a Managerial Position in Its Detroit Taproom.**

In August 2017, Plaintiff applied for a promotion to the position of Events and Promotions Manager in Founder's soon-to-be-opened Detroit Taproom. (Id, ¶ 16, PageID.99.) A short time later, Founders selected Plaintiff for this promotion out of 294 applicants for the position. (Id, ¶ 18, PageID.100.) Plaintiff relocated to Detroit and began working in Founder's Detroit Taproom in October 2017, *i.e.* more than 180 days before his employment at Founders ended and before he filed suit. (Id.)

Plaintiff struggled in his new position, so Founders placed Plaintiff on a "Development Plan" to attempt to correct the deficiencies in his job performance. (Id, ¶ 24, PageID.102.) The Development Plan required Plaintiff to successfully complete certain job-specific tasks required of his position within certain time frames. (Id.) One of those tasks was to submit a complete event proposal for an event to be held at the Detroit Taproom. (Id.) Plaintiff missed numerous deadlines to submit a completed proposal that contained all of the information Plaintiff had been instructed to include in the proposal, including missing the last two extended

3

deadlines on May 31 and June 1, 2018. (Id, ¶¶ 24, 26, PageID 102-03.) Therefore, Founders terminated Plaintiff's employment on June 5, 2018. (Id, ¶ 27, PageID104.)

### D. Plaintiff Files a Charge with the EEOC.

On September 26, 2018, Plaintiff filed a Charge of Discrimination with the EEOC. (**Exhibit 1.**)[1] The Charge relates only to the termination of Plaintiff's employment, not any of the other claims of discrimination or disparate treatment alleged in the Complaint. The Charge states as follows:

> I was an employee of [Founders].
>
> In or around May 2018, I reported an incident to both management and human resources regarding an employee's freely [sic] use of a racist epithet term. Although the employee was given a warning, the bad behavior continued. I again reported the incident to management and human resources on or about May 23, 2018. On or about May 30, 2018, I was terminated from my position.
>
> I believe I was retaliated against because of my race (African American), color, national origin (American) and for participating in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Id.) Plaintiff received his Notice of Right to Sue from the EEOC on October 1, 2018. (Amended Complaint, Exhibit A, ECF No. 10-1, PageID.90.)

## III. LAW AND ARGUMENT

### A. Legal Standard for a Motion for Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate if the moving party shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. If a plaintiff fails to establish the existence of an element essential to his case, on which he will bear the burden of proof at trial, then summary judgment must be

---

[1] Founders is attaching Plaintiff's EEOC Charge, and converting this would-be Motion for Judgment on the Pleadings into a Motion for Summary Judgment, so there is no question before the Court that Plaintiff's EEOC Charge relates only to the termination of his employment and does not contain any other claims of discrimination or retaliation.

4

entered against the plaintiff. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. Instead, "there must be evidence on which the jury could *reasonably* find for the [non-moving party]." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (emphasis in original).

      B.      **The 180-Day Contractual Period of Limitations in the Agreement is Enforceable.**

In this case, there is no dispute that Plaintiff entered into a valid contract on October 29, 2013 that required him to bring any lawsuit against Founders "arising out of [his] employment or termination of employment" within either 180 days of the events giving rise to the claim or within 90 days after receiving a Right to Sue letter from the EEOC. "It is well-settled that parties to a contract may agree to an abbreviated period of limitations different from the period authorized by statute so long as it is reasonable." *Smithson v. Hamlin Pub, Inc.*, 2016 WL 465564 at *3 (E.D.Mich. 2016), citing *Order of United Commercial Travelers Am. v. Wolfe*, 331 U.S. 586, 608 (1947) ("It is well established that . . . a provision in a contract may validly limit, between the parties, the time for bringing an action . . . less than that prescribed in the general statute of limitations, provided the shorter period itself shall be a reasonable period."). *See also Thurman v. DaimlerChrysler*, 397 F.3d 352, 357 (6th Cir. 2004) ("contracting parties may agree to an abbreviated statute of limitations so long as it is reasonable."); *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 260 (6th Cir. 1988).

A shortened period of limitations "is reasonable if (1) the claimant has sufficient opportunity to investigate and file an action; (2) the time is not so short as to work a practical abrogation of the right of action; and (3) the action is not barred before the loss or damages can be ascertained." *Id.* at 357, quoting *Timko v. Oakwood Custom Coating, Inc.*, 625 N.W.2d 101,

5

104 (Mich. Ct. App. 2001).[2] As this Court held in *Smithson*, "[b]oth the Sixth Circuit and the Michigan Supreme Court have expressly held that there is nothing inherently unreasonable about a six-month limitation period." 2016 WL 465564 at * 3, citing *Thurman, supra*; *Myers, supra*; *Rory v. Continental Ins. Co.*, 473 Mich. 457, 470, 703 N.W.2d 23 (2005); *Timko v. Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 243-44, 625 N.W.2d 101, 106 (2001). Therefore, the 180-day limitations period in the Agreement is reasonable and enforceable under well-settled law.

### C. Plaintiff's 180-Day Contractual Period of Limitations Bars All of Plaintiff's Claims Except for Those Related to the Termination of His Employment.

Plaintiff filed suit against Founders on August 22, 2018. Plaintiff then filed an Amended Complaint on October 12, 2018 to add claims under Title VII after receiving a Right to Sue Notice from the EEOC on October 1, 2018. Under the terms of the Agreement, therefore, any claims relating to events that occurred before February 22, 2018 or that were not timely included in his EEOC Charge are untimely and barred by the contractual period of limitations agreed to by Plaintiff.[3]

Although Plaintiff has brought eight counts against Founders, his claims can generally be broken down into three categories: (1) Founders discriminated against Plaintiff during his employment because of his race by disciplining him and treating him differently than his white coworkers, (2) Founders denied Plaintiff a promotion to Production Lead in October

---

[2] In *Timko*, the Michigan Court of Appeals applied the reasonableness test set forth in *Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 301 N.W.2d 275, 276 (Mich. 1981) to a 180-day contractual period of limitations, finding the period of limitations was reasonable. Subsequently, the Michigan Supreme Court overruled *Camelot* and its progeny to the extent it found that reasonableness determinations could abrogate unambiguous contractual terms. *Rory*, 703 N.W.2d at 31.

[3] The claims contained in Plaintiff's EEOC Charge relate only to the termination of his employment. (Exhibit 1.) Plaintiff added these Title VII claims – which are Counts VII and VIII in the Amended Complaint – within 90 days of receiving his Right to Sue letter from the EEOC. (Id, ECF No. 10, PageID. 73-90.)

6

2016 because of his race, and (3) Founders terminated Plaintiff's employment because of his race and in retaliation for engaging in protected activity.

Plaintiff was terminated on June 5, 2018, so Founders does not dispute that Plaintiff's claims challenging the termination of his employment are timely under the contractual limitations period in the Agreement. Plaintiff, however, has brought several other claims not that involves events occurring years ago and involve his employment at the Grand Rapids facility. Those claims are clearly untimely and should be dismissed because they relate to events that occurred before February 22, 2018.

First, Plaintiff's claim regarding Founders' failure to promote him to Production Lead is clearly untimely. Founders' selection of two other employees over Plaintiff for this promotion occurred in October 2016, over two years before Plaintiff filed suit. Therefore, Counts II and IV of Plaintiff's Amended Complaint should be dismissed.

Second, all of Plaintiff's claims of discriminatory discipline or disparate treatment relate to his employment at Founders' Grand Rapids facility, which ended in the fall of 2017 when Plaintiff accepted a promotion and relocated to Detroit. In fact, beyond the failure to promote claim, the only instance of "disparate scrutiny and disciplinary practices," *i.e.* discrimination and/or retaliation, that Plaintiff specifically identifies in the Amended Complaint is when he "was written up for being 1-3 minutes late consistently" while "his white coworkers were not." (Amended Complaint ¶¶ 12-13, ECF No. 10, PageID.76.) However, the write-up Plaintiff is referencing occurred in May 2014, over four years before Plaintiff filed suit. (Answer to Amended Complaint ¶ 13, ECF No. 13, PageID.97-98.)

The Amended Complaint does not allege any disparate treatment or disciplinary practices when Plaintiff began working in the Detroit Taproom. Instead, the only allegations

7

about Plaintiff's employment in the Detroit Taproom are that he witnessed racist incidents when working in Detroit, that he informed his manager that he had scheduled a personal day to travel to Grand Rapids to speak with Human Resources about the alleged racist incidents and the work environment, and that his employment was terminated for reporting and opposing racist conduct. (Amended Complaint ¶¶ 18-27, ECF No. 10, PageID. 78-80.) As such, Plaintiff's claims of discriminatory or retaliatory discipline and disparate treatment are untimely and should also be dismissed.

Indeed, Plaintiff's filing of an EEOC Charge confirms that Plaintiff's non-termination claims are untimely. Under Title VII, in so-called "deferral states" like Michigan, individuals have 300 days to file a Charge of Discrimination from the date of the alleged unlawful employment action. *Jones v. AIRCO Carbide Chem. Co.*, 691 F.2d 1200, 1201 (6th Cir. 1982) ("In deferral states, a plaintiff has 300 days to file a charge of discrimination with the EEOC..."). Plaintiff filed his Charge on September 26, 2018. In his Charge, Plaintiff included no allegations regarding an alleged failure to promote him or disparate treatment or discipline. Instead, Plaintiff's Charge focuses strictly on the termination of his employment, claiming that the date he experienced discrimination was only on May 30, 2018. (Exhibit 1.) This is significant and telling because it shows that all of the unlawful discrimination that Plaintiff alleges in his Complaint outside of his termination occurred more than 300 days before September 26, 2018, *i.e.* before Plaintiff relocated to Detroit. Otherwise, Plaintiff would have included it in his Charge.

D. **Plaintiff's Anticipated Continuing Violations Doctrine Argument is Meritless.**

Plaintiff has indicated that he will argue that his failure to promote claim is timely because every time he did not receive the paycheck of a Production Lead employee, he was

8

damaged anew, which makes his failure to promote claims timely. This legal theory, often called the "continuing violations" doctrine, is baseless and should be rejected by the Court because it is contrary to binding precedent.

In 2002, the United States Supreme Court explicitly held that plaintiffs are not allowed to use the continuing violations doctrine to bring time-barred failure to promote claims. Specifically, in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), the Supreme Court held that "[d]iscrete acts such as termination [and] failure to promote . . . are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" so "only incidents that took place within the timely filing period are actionable." (Emphasis added.) The Sixth Circuit has also explicitly and repeatedly held that "[t]he continuing violation doctrine does not permit a plaintiff to bring otherwise time-barred actions for a failure to promote." *Gee v. Liebert Corp.*, 58 Fed. Appx. 149, 153 (6th Cir. 2003).[4] Finally, the Michigan Supreme Court does not recognize the continuing violations doctrine under any circumstance, so Plaintiff's ELCRA claim for failure to promote obviously cannot rely on this doctrine to make it timely. *Garg v. Macomb County Comm. Mental Health Servs.*, 472 Mich. 263, 290 (2005) ("We conclude that the "continuing violations" doctrine is contrary to the language of § 5805 [*i.e.* the relevant statute of limitations] and hold, therefore, that the doctrine has no continued place in the jurisprudence of

---

[4] Although these cases involved Title VII claims, they are equally applicable to Plaintiff's Section 1981 claims because the standards for these two laws are essentially identical. *See Wheaton v. North Oakland Med. Ctrs.*, 2005 WL 8154823 at *2 (E.D. Mich. 2005), quoting Lex K. Larson, *Employment Discrimination*, § 101.10 ("Section 1981 actions are based upon a general theory of 'contract,' as opposed to Title VII actions, which are based upon specifically proscribed employment practices.... [However,] where both remedies are or could be applied, the substantive law is essentially the same, as are the proof requirements. Indeed, § 1981 claims are often combined with claims under Title VII.").

this state.") Based on this binding precedent, the Court should reject Plaintiff's argument that his failure to promote claims are timely.[5]

## IV. CONCLUSION

Plaintiff entered into a valid and enforceable Agreement that contained a contractually-shortened limitations period. Because of this Agreement, and as set forth in this brief, Defendant requests that the Court issue an Order dismissing all of Plaintiff's claims that are based on events that occurred before February 22, 2018 and were not included in Plaintiff's EEOC Charge.

Respectfully submitted,

MILLER JOHNSON
Attorneys for Defendant

Dated: November 30, 2018

By: /s/ Patrick M. Edsenga
Patrick Edsenga (P74593)
45 Ottawa Avenue, S.W., Suite 1100
PO Box 306
Grand Rapids, MI 49501
(616) 831-1713

### CERTIFICATE OF SERVICE

I certify that on November 30, 2018, *Defendant's Brief in Support of Motion for Partial Summary Judgment* was filed with the Clerk of the Court using the Case Management and Electronic Case Files system (CM/ECF).

/s/ Patrick M. Edsenga

---

[5] In addition, if Plaintiff truly believed that these claims were timely as "continuing violations," he would have included them in his EEOC Charge. He did not. (*See* Exhibit 1.)