UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACY EVANS,**

    Plaintiff,

v.

**CANAL STREET BREWING CO., L.L.C.**
d/b/a **FOUNDERS BREWING COMPANY,**

    Defendant.

Case No. 2:18-cv-12631

Hon. Paul D. Borman

_____/

| | |
|---|---|
| Jack W. Schulz (P78078)<br>SCHULZ GOTHAM PLC<br>PO Box 44855<br>Detroit, MI 48244<br>(313) 246-3590<br>jackwschulz@gmail.com<br>*Attorney for Plaintiff* | Patrick M. Edsenga (P74593)<br>Michael E. Stroster (P58982)<br>MILLER JOHNSON<br>45 Ottawa Avenue, S.W., Suite 1100<br>Grand Rapids. MI 49501<br>(616)831-1700<br>edsengap@millerjohnson.com<br>strosterm@millerjohnson.com<br>*Attorneys for Defendant* |

_____/

## STIPULATED PROTECTIVE ORDER

The parties agree that discovery proceedings in this case may involve documents and testimony containing information that is subject to the protection of the Court under Fed. R. Civ. P. 26(c). The parties stipulate and agree that that the following protective provisions shall govern the handling of testimony, information, and documents produced or obtained by the parties:

1. Confidential Information

   A. This Protective Order shall apply to all information produced by either party during discovery in this case that is marked "CONFIDENTIAL."

   B. Designation: Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by it which the producing party deems to contain information that is confidential. Material that may be designated as confidential includes but is not limited to employee information, personnel records, compensation information, employee benefit information, financial and tax information, medical records, medical information, policies, , and other proprietary or sensitive information.  This designation shall be made in good faith.  This designation shall be made by stamping each page of a document containing Confidential Information with the legend "CONFIDENTIAL" at or before the time the document is produced to the receiving party.  Any party may designate deposition testimony as confidential, in which case the pages of the transcript with the confidential testimony shall be marked "CONFIDENTIAL."

   C. Inadvertent Production: In the event that a party inadvertently produces Confidential Information without the "CONFIDENTIAL" legend, the

producing party shall, promptly upon discovery of the inadvertent production, provide the receiving party with (i) written notice that the Confidential Information is designated Confidential under this Protective Order and (ii) replacement copies of the Confidential Information marked "CONFIDENTIAL." Such post-production designation of Confidential Information shall not under any circumstances be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

2. <u>Restrictions on Confidential Information</u>

 A. <u>Purposes</u>: Confidential Information shall be used only for the limited purpose of preparing for and conducting this action (including any appeals) and not for any other purpose.

 B. <u>Recipients</u>: Confidential Information may be disclosed only to the following:

  i. Counsel of record for any party to this action, including attorneys, paralegals, clerks, and other employees of counsel's firms who are assisting in this case;

  ii. Consultants, investigators, experts, and their respective staffs who have been retained by a party to provide expert or opinion testimony or to assist in the preparation for trial or other proceedings in this case;

  iii. Vendors engaged by any party to assist in copying, organizing, filing, translating, converting, storing, retrieving or computer coding of documents or data, or designing programs for handling documents or data, in connection with this case;

  iv. Court reporters retained to record or transcribe deposition testimony taken in this case;

  v. Any witness, although only to the extent relevant to his or her potential testimony in this case;

  vi. Persons shown on the face of a document to have authored or received it;

  vii. Any person who the parties agree, in advance and in writing, may receive such discovery materials; and

  viii. The Court, pursuant to the terms of Paragraph 4.

3. <u>Notice to Recipients of Confidential Information</u>: Any party or representative of a party who provides Confidential Information to a person identified in Section 2(B)(ii), (iii), (v), (vi), or (vii) shall:

    A.    Notify that person that the Confidential Information is being disclosed to him or her under the terms of the Protective Order and may not be disclosed other than as authorized by its terms, and

    B.    Require that person to return promptly all Confidential Information that is disclosed to him or her.

4. In the event that any party wishes to either file with the Court or disclose Confidential Information in a manner not authorized by Section 2B, the filing party shall notify the designating party of the filing party's intent to file/disclose Confidential Information five days in advance of filing/disclosure (or as long as reasonably practicable prior to filing) in order to provide the designating party with the opportunity to apply to the Court for an order prohibiting or restricting the filing or disclosure or to move the Court to file the document under seal.

If the filing party is permitted to file the document or other evidence containing Confidential Information with the Court not under seal (whether such filing occurs through the designating party's decision to voluntarily permit the filing not under seal or pursuant to a Court order denying sealing of the filing), the filing party agrees to file with the Court a redacted copy of the document or other evidence, removing any and all sensitive information

(such as, but not limited to, social security numbers, personal addresses, names or contact information of family members, etc.).

5.  This Protective Order is without prejudice to the right of the parties to oppose the admissibility of any Confidential Information produced on the grounds of lack of relevancy, privilege, or any other legal reason.

6.  Within sixty days after termination of this case by final judicial decision or otherwise, any party that has obtained Confidential Information from another party shall either destroy that information or return it to the party from whom it was obtained. This requirement will not apply to Confidential Information that is contained in deposition transcripts or pleadings or that has been filed with the Court.

7.  This Protective Order does not preclude any party from seeking further relief or protective orders from the Court, or from seeking to modify this Protective Order, as may be appropriate under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATE: 8-2-2019

Paul D. Borman
U.S. District Judge

APPROVED FOR ENTRY:

| | |
|---|---|
| /s/   *Jack W. Schulz* (with permission) | /s/   *Patrick M. Edsenga* |
| Jack W. Schulz (P78078) | Patrick M. Edsenga (P74593) |
| SCHULZ GOTHAM PLC | MILLER JOHNSON |
| PO Box 44855 | 45 Ottawa Avenue, S.W., Suite 1100 |
| Detroit, MI 48244 | Grand Rapids. MI 49501 |
| (313) 652-1906 | (616)831-1700 |
| jackwschulz@gmail.com | edsengap@millerjohnson.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Date:  August 2, 2019                                   Date:  August 2, 2019