UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACY EVANS,**

        Plaintiff,

v.

**CANAL STREET BREWING CO., L.L.C.**
d/b/a **FOUNDERS BREWING COMPANY,**

        Defendant.

Case No. 2:18-cv-12631

Hon. Paul D. Borman

---

| | |
|---|---|
| Jack W. Schulz (P78078) <br> SCHULZ GOTHAM PLC <br> PO Box 44855 <br> Detroit, MI 48244 <br> (313) 246-3590 <br> jackwschulz@gmail.com <br> *Attorney for Plaintiff* | Michael E. Stroster (P58982) <br> Patrick M. Edsenga (P74593) <br> MILLER JOHNSON <br> 45 Ottawa Avenue, S.W., Suite 1100 <br> Grand Rapids. MI 49501 <br> (616)831-1700 <br> strosterm@millerjohnson.com <br> edsengap@millerjohnson.com <br> *Attorneys for Defendant* |

---

## PLAINTIFF'S MOTION FOR LEAVE TO EXTEND SCHEDULING ORDER DEADLINES OR IN THE ALTERNATIVE ALLOW LIMITED DISCOVERY BEYOND THE DISCOVERY DEADLINE

NOW COMES Plaintiff Tracy Evans with his Motion for Leave to Extend Scheduling Order Deadlines or in the Alternative Allow Limited Discovery Beyond the Discovery Deadline, stating the following:

1. This is am employment discrimination case alleging that Plaintiff Tracy Evans was discriminated against due to his race and retaliated against by Defendant Canal Street Brewing Company, LLC, ("Founders") for reporting ongoing racial

issues and disparity in violation of his rights under 42 U.S.C. §2000 *et seq.,* 42 U.S.C. § 1981, and Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 *et. seq.*

2. Plaintiff filed his Complaint in this matter on August 22, 2018. (Doc No. 1) Founders filed its Answer on September 17, 2017. (Doc. No. 6) On October 8, 2018, Founders amended its Answer to add an additional affirmative defense alleging that Plaintiff was subject to a contractually shortened statute of limitations and certain Counts alleged were untimely. (Doc. No. 8)

3. As a result of this amendment, the parties attended a conference with Magistrate Elizabeth Stafford to discuss limited discovery on the issue of the contractual shortened statute of limitations. The parties agreed to limit initial discovery to this issue. (Doc. No. 14)

4. On October 12, 2018, Plaintiff amended his Complaint upon obtaining his right to sue pursuant to Title VII, 42 U.S.C. §2000 *et seq.* (Doc. No. 10) Defendant timely answered. (Doc. No. 13)

5. On November 30, 2018, Defendants filed their Motion for Partial Summary Judgment in relation to the claims subject to the contractually shortened statute of limitations. (Doc. No. 15) Plaintiff timely responded. (Doc. No. 17) On April 4, 2019, the Court issued an Opinion and Order granting Defendants Motion

for Partial Summary Judgment dismissing Counts II and V of Plaintiff's Complaint. (Doc. No. 23)

6.  Following the decision, the parties submitted their Joint Rule 26(F) plan on April 26, 2019. (Doc. No. 25) The Court issued its Scheduling Order on April 30, 2018. (Doc. No. 26) Within the Scheduling Order, the Court set the deadline for Fact Discovery for September 30, 2019. *Id.*

7.  Following the Scheduling Order, the parties exchanged Interrogatories and Requests for Production. The Defendant withheld certain responsive documents until the parties entered a protective order with respect to those documents it deemed confidential. The parties agreed to postpone depositions until this matter was resolved and the documents were produced. The parties stipulated to a Protective Order on August 2, 2019. (Doc. No. 31)

8.  The deposition of Plaintiff Tracy Evans was taken on August 14, 2019.

9.  Following the Plaintiff's deposition, Plaintiff's counsel requested dates for the depositions of three defendant witnesses, Dominic Ryan, Mark Dorich, and Marguex Bouwkamp. On August 19, 2019, Defendant's counsel presented September 24-25, 2019, as the available dates to depose all witnesses in Grand Rapids. The depositions of the Defendant witnesses were held on those dates.

10. On or around September 3, 2019, Plaintiff received additional discovery requests from Defendant dated August 30, 2019. In good faith, Plaintiff responded to these requests.

11. On September 24-25, 2019 Plaintiff deposed the remaining Defendant witnesses. During the depositions, new information regarding the treatment of comparable Caucasian employee came to light including that each witness was unable to testify to whether she was hired at a higher pay rate than Plaintiff. However, the supervisor to both Plaintiff and the comparator, Dominic Ryan ("GM Ryan"), testified of a starting salary greater than that of Plaintiff. Additionally, GM Ryan was unable to specify the distinctions between Plaintiff and the comparator's event proposals other than a blanket statement that they were better.

12. Dominic Ryan also testified to a new argument regarding pretext—that Plaintiff actually did throw events but that they were financially unsuccessful. Also, that certain events did not qualify as events without clarification.

13. On September 27, 2019, two days after the depositions, Plaintiff submitted an additional Request for Production to Defendants seeking documents related to the issues which arose from the depositions. *(Exhibit A)*

14. The fact discovery period closed on September 30, 2019. (Doc. No. 26)

15. The parties were ordered to mediate before the magistrate on October 28, 2019. (Doc. No. 28) On October 11, 2019, the parties conferred regarding the

mediation and discussed settlement and the claims over the phone. At no point did Defendant state it was planning on rejecting Plaintiff's additional discovery requests.

16. On October 18, 2019, Defendant submitted its Response to Plaintiff's Request for Production in which Defendant refusing to answer each request as untimely. *(Exhibit B)*

17. The parties have not previously sought an extension of the discovery deadline established by the Court within its Scheduling Order (Doc. No. 26)

18. Federal Rule of Civil Procedure ("FRCP") 16(b)(6) states that a scheduling order can be modified upon a showing of good cause. A court choosing to modify the scheduling order can do so if the dates cannot reasonably be met despite the diligence of the party seeking the extension. **Leary v Daeschner**, 349 F3d 888, 906 (6th Cir. 2003). Stated another way, "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." **Inge v. Rock Fin. Corp.,** 281 F.3d 613, 625 (6th Cir.2002).

19. The parties have been cooperative in discovery prior this point. The information sought by Plaintiff arose directly from the testimony of witnesses deposed on September 24-25, 2019—the first mutually agreeable date between the parties. Plaintiff acted with urgency in requesting the info two days later. *(Exhibit

*A)* Thus, Plaintiff has acted as diligent as reasonably possible in obtaining this additional discovery.

20. Plaintiff has not previously sought an extension to discovery. Plaintiff seeks for an extension for the limited purpose of requiring Defendant to respond to the existing requests. *(Exhibit A)*

21. The present Motion is being filed in good faith because the current deadlines cannot be met despite the diligence of Plaintiff to meet the terms of the Scheduling Order.

22. The Defendants will not be prejudiced by the granting of this Motion as there have been no previous extensions and the deadline for Motions for Summary Judgment is not until January 3, 2020—several months from now. (Doc. No. 26) On the other hand, the Plaintiff will suffer prejudice if the Motion is denied as he will be denied available evidence relating to a comparator employee and reasonably calculated to disprove the additional reasoning for pretext arising from the depositions.

23. Allowing this limited extension will not affect any other scheduling deadlines.

24. Plaintiff sought but was denied concurrence prior to filing the present motion.

**WHEREFORE**, Plaintiff respectfully requests this Court issue an order either:

a. Extending the deadline for limited discovery to allow for the Defendant to respond to Plaintiff's Discovery Requests submitted to Defendant on September 27, 2019; or in the alternative

b. Require Defendant to respond to the requests beyond the discovery deadline; and

c. Granting any other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULZ GOTHAM PLC**

By: /s/   Jack W. Schulz   .
Jack W. Schulz (P78078)
Elizabeth A. Gotham (P79058)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 652-1906
egotham@schulzgotham.com
jackwschulz@gmail.com
*Attorneys for Plaintiff*

Dated:     October 21, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACY EVANS,**

        Plaintiff,

v.

**CANAL STREET BREWING CO., L.L.C.**
d/b/a **FOUNDERS BREWING COMPANY,**

        Defendant.

Case No. 2:18-cv-12631

Hon. Paul D. Borman

---

| | |
|---|---|
| Jack W. Schulz (P78078) | Michael E. Stroster (P58982) |
| SCHULZ GOTHAM PLC | Patrick M. Edsenga (P74593) |
| PO Box 44855 | MILLER JOHNSON |
| Detroit, MI 48244 | 45 Ottawa Avenue, S.W., Suite 1100 |
| (313) 246-3590 | Grand Rapids. MI 49501 |
| jackwschulz@gmail.com | (616)831-1700 |
| *Attorney for Plaintiff* | strosterm@millerjohnson.com |
| | edsengap@millerjohnson.com |
| | *Attorneys for Defendant* |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO EXTEND SCHEDULING ORDER DEADLINES OR IN THE ALTERNATIVE ALLOW LIMITED DISCOVERY BEYOND THE DISCOVERY DEADLINE

NOW COMES Plaintiff Tracy Evans with his Brief in Support of his Motion for Leave to Extend Scheduling Order Deadlines or in the Alternative Allow Limited Discovery Beyond the Discovery Deadline, stating the following: For his Brief Plaintiff relies on his Motion.

**WHEREFORE**, Plaintiff respectfully requests this Court issue an order either:

a. Extending the deadline for limited discovery to allow for the Defendant to respond to Plaintiff's Discovery Requests submitted to Defendant on September 27, 2019; or in the alternative

b. Require Defendant to respond to the requests beyond the discovery deadline; and

c. Granting any other relief the Court deems just and proper under the circumstances.

          Respectfully submitted,

          **SCHULZ GOTHAM PLC**

          By:   /s/    Jack W. Schulz    .
          Jack W. Schulz (P78078)
          Elizabeth A. Gotham (P79058)
          SCHULZ GOTHAM PLC
          PO Box 44855
          Detroit, MI 48244
          (313) 652-1906
          egotham@schulzgotham.com
          jackwschulz@gmail.com
          *Attorneys for Plaintiff*

Dated:      October 21, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACY EVANS,**

    Plaintiff,

v.

**CANAL STREET BREWING CO., L.L.C.**
d/b/a **FOUNDERS BREWING COMPANY,**

    Defendant.

Case No. 2:18-cv-12631

Hon. Paul D. Borman

_____/

| Jack W. Schulz (P78078) | Michael E. Stroster (P58982) |
|---|---|
| SCHULZ GOTHAM PLC | Patrick M. Edsenga (P74593) |
| PO Box 44855 | MILLER JOHNSON |
| Detroit, MI 48244 | 45 Ottawa Avenue, S.W., Suite 1100 |
| (313) 246-3590 | Grand Rapids. MI 49501 |
| jackwschulz@gmail.com | (616)831-1700 |
| *Attorney for Plaintiff* | strosterm@millerjohnson.com |
|  | edsengap@millerjohnson.com |
|  | *Attorneys for Defendant* |

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I electronically filed the foregoing PLAINTIFF'S MOTION FOR LEAVE TO EXTEND SCHEDULING ORDER DEADLINES OR IN THE ALTERNATIVE ALLOW LIMITED DISCOVERY BEYOND THE DISCOVERY DEADLINE with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael E. Stroster (P58982)
Patrick M. Edsenga (P74593)
MILLER JOHNSON

45 Ottawa Avenue, S.W., Suite 1100
Grand Rapids. MI 49501
(616)831-1700
strosterm@millerjohnson.com
edsengap@millerjohnson.com
*Attorneys for Defendant*

                                                 Respectfully submitted,

                                                 **SCHULZ GOTHAM PLC**

                                                 By:   /s/   Jack W. Schulz   .
                                                 Jack W. Schulz (P78078)
                                                 Elizabeth A. Gotham (P79058)
                                                 SCHULZ GOTHAM PLC
                                                 PO Box 44855
                                                 Detroit, MI 48244
                                                 (313) 246-3590
                                                 jackwschulz@gmail.com
                                                 *Attorneys for Plaintiff*

Dated:        October 21, 2019